UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA WATER SERVICE COMPANY<br>(a California corporation),<br><br>Defendant. | Case No.: C 06 03002 RMW (PVT)<br><br>STIPULATED [~~PROPOSED~~]<br>PROTECTIVE ORDER<br><br>**AS AMENDED BY THE COURT** |

Plaintiff Employers Insurance of Wausau ("Wausau") and defendant California Water Service Company ("Cal Water") (also referred to singularly as a "party," or collectively, herein, as "the parties") jointly move this Court for a Protective Order as follows:

Subject to the approval of this Court, the parties to this action, by and through their respective attorneys, hereby stipulate and agree to the terms and conditions of the following Stipulated Protective Order ("Order") pursuant to FRCP Rule 29, which shall govern the handling of certain documents, written discovery and testimony obtained by the parties in connection with this action:

1. In connection with discovery proceedings in this action, any party may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Order.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith belief both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Designation of information as confidential under this Order may be by written notice, verification, declaration or by statement on the record at a deposition, hearing, arbitration or trial.

2. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

3. A party may designate as "Confidential" any material produced by a non-party by providing written notice to all parties within thirty (30) calendar days after receiving such material, and providing a copy of the material which the designating party has clearly labeled, stamped or otherwise marked on each page with the additional words "as designated by [party]", for example "CONFIDENTIAL as designated by [Wausau or Cal Water]– Protected by Court Order, Case No.: C 06 03002 RMW (PVT)". This Order shall not limit the ability of any party or non-party to voluntarily disclose to others any Confidential Material that originates from that party or non-party.

4. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and other secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a current or former party, officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(b) experts, consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness to any deposition or other proceeding in this action;

(e) any other person as to whom the parties in writing agree; and

(f) reinsurers, retrocessionaires, reinsurance intermediaries, accountants, regulators, or auditors to whom the parties have a good faith belief, contractual, statutory or regulatory obligation to report.

5. If any party intends or attempts to file with the Court a document, portion of a document, transcript or portion of a transcript that a party has designated as Confidential, the filing party shall first label the document or transcript as such, and then comply with LR 79-5 and LR 7-11, as set forth below, as well as complying with the Electronic Court Filing rules ("ECF"), including General Order 45, Section VII, as also set forth below.

(a) If a party desires to file an entire document or transcript that has been designated as Confidential, that party shall comply with LR 79-5(a) and (b): That party must first file and serve an Administrative Motion to File Under Seal, in conformance with LR 7-11, accompanied by a declaration establishing that the entire document or transcript is sealable, lodge that motion and a proposed order with the Clerk and serve the parties with the proposed order sealing that document, and lodge with the Clerk the entire document contained in a 8½ by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope/container, setting out the information required by LR 3-4, as well as prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." An identically labeled second envelope or container—containing the entire document—shall also be lodged with the Clerk for delivery to the Judge's chambers. LR 79-5(b).

(b) If a party desires to file only a portion of a document or transcript that has been designated as Confidential, that party shall comply with LR 79-5(a) and (c): That party must first file and serve an Administrative Motion to File Under Seal, in conformance with LR 7-11, accompanied by a declaration establishing that a portion of the document/transcript is sealable, lodge that motion and a proposed order narrowly tailored to seal only a portion of that document/transcript with the Clerk and serve that proposed order on the parties, and lodge with the Clerk the entire document contained in a 8½ by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope/container, setting out the information required by LR 3-4, as well as prominently displaying the notation: "DOCUMENT

SUBMITTED UNDER SEAL." That party shall identify by notations or highlighting within the text or content the sealable portions of the document/transcript. An identically labeled second envelope or container—containing the entire document along with notations or highlighting—shall also be lodged with the Clerk for delivery to the Judge's chambers. That party must also lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order. LR 79-5(c).

(c) Any party wishing to have sealed a document/transcript or portion of a document/transcript already filed the Court, shall move to seal that document/transcript or portions thereof pursuant to LR 79-5(d).

(d) This case is an ECF case. Documents to be filed under seal cannot be electronically filed, but there must be an electronic filing referencing the manual filing of sealed documents. Therefore, any party who desires to file a document/transcript (or portions thereof) under seal, shall also comply with General Order 45, Section VII, which provides for manual filing of documents or physical items. In such instances, and in addition to complying with this Order and LR 79-5, the party seeking to manually file a document is designates as Confidential and to be sealed shall not electronically file the document/transcript or portions thereof, but shall instead manually file the document, manually serve the document on opposing counsel and provide a proof of service of same. That proof of service shall be electronically filed along with a "Manual Filing Notification" ("MFN") in the place of the document/transcript or portions thereof that would have been electronically filed but for the claim of Confidentiality and sealing. The MFN should substantially conform to the form suggested by the Court (found at the Court's e-filing Internet web-site).

6. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

7. In addition to documents which may come to light at a later date, Confidential Material may include documents and deposition transcripts already provided to the opposing

party in a disclosure pursuant to Federal Rule of Civil Procedure 26. Such documents may include, but are not limited to (i) correspondence between parties and counsel, (ii) correspondence between counsel and expert witnesses, including reports prepared for the purposes of litigation, (iii) mediation briefs subject to confidentiality, and (iv) other documents already specifically deemed "confidential" by the parties.

8. In the event that any Confidential Material is used in any proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any future applications for modification of this Order.

10. A party shall have the right to have any person excluded from a deposition before or during the taking of testimony designated as Confidential Material or the introduction of documents or exhibits designated as Confidential Material, except (1) the deponent, (2) the court reporter, (3) counsel of record and their personnel, (4) the parties (and their representatives who are involved in the handling, prosecution or defense of this litigation) and (5) consultants or disclosed experts for the parties subject to paragraph 4 above.

11 This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall (1) be deemed an admission or waiver of any right or privilege by either party; (2) alter the confidentiality or non-confidentiality of any such document or information, or (3) alter any existing obligation of any party or the absence thereof.

1    12.    This Stipulation and Order is entered into without prejudice to (1) any party's claim as to the propriety or impropriety of this action or any of the claims asserted therein; (2) any party's right to assert objections to any discovery request propounded in this action; and/or to refuse to provide a response or make a disclosure with respect thereto; and (3) any party's right to assert objections to the admissibility of any matter, including Confidential Material, in this action.

13.    In the event that any Confidential Material is sought by way of subpoena, court order or otherwise, that party having knowledge of such subpoena, order or other notice, shall immediately notify the other party to this stipulation AND the subpoenaing entity by telephone and in writing of the subpoena and shall assert this Order as a ground for resisting or objecting to such subpoena. The notice given to the subpoenaing entity shall, in all events, be given before any production or disclosure of Confidential Material so as to allow sufficient time for the complaining party to challenge or resist such production or disclosure.

See paragraph 5 PVT

[Paragraph 14 and its subparts are struck through with Xs:]

~~14.    Filing of Pleadings Containing Confidential Material~~

~~(a)    In connection with any discovery, motion or proceeding in this action, any document, paper, exhibit, transcript or other thing filed or lodged with the Court, or any portion thereof ("Record"), containing Confidential Material shall be filed under seal. The party filing such Record with the Court shall place the confidential portion in a sealed envelope or other appropriately sealed container, with a label indicating the title of this litigation, the nature of the contents, and a statement which reads substantially as follows:~~

~~"This envelope contains confidential information and is sealed pursuant to the [date of this Protective Order] Order of the Court at the request of [requesting party]. It is not to be opened nor are the contents thereof to be displayed or revealed to any persons except by order of the Court or pursuant to consent of the parties claiming confidentiality."~~

~~Until further order of the Court, said envelope or container shall not be opened except by the Court or pursuant to consent of the party or parties claiming confidentiality.~~

STIPULATED [PROPOSED] PROTECTIVE ORDER
Case No.: C 06 03002 RMW (PVT)    Page 6

1  ~~(b)  Nothing in this Order is intended to limit the right of any party in connection with~~
2  ~~a discovery motion or proceeding to file under seal any materials it has designated~~
3  ~~"Confidential."~~

4   15.  The inadvertent production of any privileged or otherwise protected material shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work product materials. Any party that discovers it has inadvertently produced privileged or otherwise protected material may request the return of such documents at any time. Upon receiving notice from a producing party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to the producing party within a reasonable time of receipt of such notice, unless application is made to the Court within such period to challenge the claim.

12  16.  If any party mistakenly designates any testimony, document(s) or writing(s) as Confidential Material, it may correct its error within a reasonable time of designation of testimony, service of such document(s), service of such writing(s) or discovery of the mistake by notifying opposing counsel in writing and, to the extent the mistake pertains to a writing, also providing substitute copies of the writing(s) without the "Confidential" designation.

17  17.  This Order may be modified for good cause shown, and shall neither preclude modification of the stipulation nor any application to the Court seeking greater or lesser protection for specific documents.

20  18.  This Order shall survive the final termination of this action to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.

24  ///
25  ///
26  ///
27  ///
28  ///

1  SO STIPULATED:
2  DATED: 2/23/07

BRYAN M. BARBER, Attorney for
EMPLOYERS INSURANCE OF WAUSAU

5  DATED: Feb 23rd, 2007

JOHN H. PODESTA, Attorney for
CALIFORNIA WATER SERVICE
COMPANY

11  2012434

1 | Having considered the Parties' stipulation, above, AND GOOD CAUSE APPEARING, it
2 | is APPROVED AND SO ORDERED:

4 | DATED: 3/7/07

*Patricia V. Trumbull*

HONORABLE ~~RONALD M. WHYTE~~,
Judge for the United States District Court,
Northern District of California, San Jose
Division    PATRICIA V. TRUMBULL