UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA WATER SERVICE CO., <br><br> Defendant. | Case No.: C- 06-3002 PVT <br><br> **ORDER FOR SUPPLEMENTAL BRIEFING RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |

This lawsuit involves the question of whether policies issued by Plaintiff Employers Insurance of Wausau ("Wausau") to Defendant California Water Service Co. ("Cal. Water") provide coverage for water contamination alleged in two underlying lawsuits that were filed in the Eastern District of California.[1] On August 14, 2007, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Wausau's Motion to Compel Production of Documents Withheld by Cal. Water on claim of attorney client privilege. Based on new arguments raised at the hearing, the parties shall file supplemental briefs as described herein.

In the legal briefs filed, Wausau argued that Cal. Water had waived the attorney client privilege and work product immunity by placing the contents of the communications at issue.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Wausau argued that the contents of the communication were at issue because

> the withheld documents provide evidence as to Cal Water's knowledge regarding the timing of contamination and the potential for coverage under the Wausau policies. This evidence is central to this insurance coverage action because Cal Water bears the burden to prove the causal relationship between alleged groundwater contamination and property damage occurring during the Wausau policy periods.

(Mot. at 10:18-22). Wausau also argued that "such evidence is relevant to Wausau's claim for reimbursement of defense costs paid under a reservation of rights. An insurer only owes a duty to defend claims that are potentially covered." (Id. at 10:26-28.)

At the hearing, Cal. Water argued that the timing of contamination will be determined from the scientific documents, all of which have been produced. Cal. Water also argued that the timing of its knowledge of the contamination is not an issue in this lawsuit. In response to these arguments, Wausau asserted that the contents of the documents are at issue because various counsel for Cal. Water created a new theory of liability in order to trigger potential insurance coverage and the duty to defend. Wausau then argued that John Podesta (counsel in this insurance coverage case) could be a witness in this case. Wausau appeared to argue that communications as to when the contamination occurred between John Podesta and Patrick Riddle (counsel in the underlying environmental suits) are relevant and that attorney Podesta's opinion is relevant as an admission by Cal. Water. Thus, Wausau argued, the substance of the communications is directly at issue in this lawsuit.

Because this argument was not presented in the briefing of this motion, the Court hereby orders supplemental briefing to flesh out this issue. The question for Wausau is, assuming *arguendo*, that Cal. Water did introduce a new theory of liability in order to trigger coverage, why does this effect a waiver of the attorney client privilege? Wausau shall address how this theory puts the substance of the communications directly at issue. Wausau shall also address the following California case law:

> The in issue doctrine creates an implied waiver of the privilege only when the client tenders an issue involving the substance or content of a protected communication, not where the privileged communication simply represents one of several forms of indirect evidence in a particular case. ( Mitchell v. Superior Court (1984) 37 Cal.3d 591, 606, 208 Cal.Rptr. 886, 691 P.2d 642.) For this reason, the doctrine has no application in a coverage action between an insured

and its carrier where the issues turn on the underlying facts and the insured is not relying on the advice of counsel for any purpose.

*Rockwell Int'l. Corp. v. Superior Court*, 26 Cal.App.4th 1255, 1268(1994). Specifically, Wausau shall clarify whether it asserts that Cal. Water is relying on advice of counsel. Wausau shall also provide authority for its assertion that attorney Podesta's opinion of when the contamination occurred acts as an admission by Cal. Water. Finally, Wausau shall address whether it is asserting that Cal. Water changed its water pumping activities in response to suggestions from counsel as to insurance coverage and, if so, why that effects a waiver of the attorney client privilege.

Additionally, the Court finds that neither side extensively briefed the issue of the scope of a waiver of the attorney client privilege under California law. Accordingly, each side shall address this topic in supplemental briefs as Ordered below.

For the foregoing reasons, It Is Hereby Ordered that:

1. No later than August 21, 2007, Wausau shall filed a supplemental brief addressing the "at issue" argument as described herein and the scope of waiver under California law; and

2. No later than August 28, 2007, Cal. Water shall file a supplemental brief addressing the issues raised in Wausau's supplemental brief and the scope of waiver under California law.

IT IS SO ORDERED.

Dated: August 15 , 2007

*Patricia V. Trumbull*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge