IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMPLOYERS INSURANCE OF WAUSAU,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA WATER SERVICE COMPANY, a California Corporation,<br><br>Defendant. | No. C-06-03002 RMW<br><br>ORDER GRANTING WAUSAU'S MOTION FOR RELIEF<br><br>**[Re Docket No. 217]** |

This case involves an insurance coverage dispute for defense fees and costs and indemnity arising out of two environmental lawsuits filed by the Department of Toxic Substances control ("DTSC") against Cal. Water. The suits have been settled and one of the issues between these parties is whether the labor and materials Cal. Water agreed to provide under the settlement are covered "damages" under the insurance policies issued to Cal. Water by Wausau.

On August 24, 2007, Wausau moved to compel production of Cal. Water's rate filings with the Public Utilities Commission ("PUC rate cases"), Cal. Water's budgets from the Chico district, and an MOU agreement between Cal. Water and DTSC, executed on or about May 7, 2007. This court referred the motion, which Wausau asked to be heard on shortened time, to Judge Trumbull, the magistrate judge assigned to discovery matters in this case. Judge Trumbull, finding that

1 Wausau's motion was filed after the August 17, 2007 cutoff for discovery motions, denied the
2 motion to shorten time and set the motion to compel for hearing on October 9, 2007 contingent upon
3 this court granting relief from its case management order.  Wausau asserts that Cal. Water has now
4 made available the requested PUC rate cases and Chico district budgets and is satisfied that the
5 appropriate documents will be produced.  However, the parties continue to dispute the production of
6 the MOU agreement.

7 Wausau seeks relief from two discovery deadlines as follows: (1) it seeks relief from the
8 August 17, 2007 deadline for discovery motions so that the remaining issues in its late-filed motion
9 to compel can be heard; and (2) it seeks relief from the September 7, 2007 expert discovery deadline
10 so that its rebuttal expert witness, Michael Diliberto, may incorporate information from the
11 documents it sought to have produced into his rebuttal report.  The PUC rate documents and budgets
12 were not produced until September 5, 2007 (although, as set forth below, the parties differ as to
13 when the documents were made available to Wausau for inspection) and, of course, the MOU
14 remains the subject of a motion to compel.

15 Cal. Water opposes Wausau's motion for relief, characterizing it as a unilateral attempt to
16 extend discovery only as to Wausau.  Cal. Water argues that the MOU was not requested until after
17 the fact discovery cutoff and that, should Cal. Water be ordered to produce the document, the fact
18 that discovery has closed will cause it prejudice in that it will be unable to propound discovery to
19 Wausau to determine what Wausau's contentions about the MOU will be or to depose witnesses at
20 DTSC for clarification.

21 It would appear that the existence of the MOU was first revealed in the August 10, 2007
22 deposition of Lynne McGhee, Cal. Water's general counsel produced by Cal. Water as a 30(b)(6)
23 witness to testify a to Cal. Water's damages.  That deposition took place seven days prior to the fact
24 discovery cutoff and thereafter the parties met and conferred regarding producing the MOU
25 document.  When that effort failed, according to Wausau, it filed its motion to compel.  Cal. Water
26 does not dispute these events, only the relevance of the MOU, which is a matter currently scheduled
27 to be heard before Judge Trumbull on October 9, 2007.

28 Cal. Water also contends that it is Wausau's fault that Diliberto did not have access to the

United States District Court
For the Northern District of California

PUC rate cases in sufficient time to review them for his rebuttal report and that Wausau should not be permitted to extend its deadline for producing his report. Cal. Water asserts that it offered the PUC rate documents to Wausau for inspection beginning August 20, 2007, but Wausau refused to "sift through thousands of documents" until after August 29, 2007. The email communication to which Cal. Water cites in support of its contention that the delay in production was caused by Wausau does not clearly support Cal. Water's contention that Wausau was solely responsible for the delay. The original August 20, 2007 email from Cal. Water's counsel to Wausau's counsel indicates that the PUC rate case documents "will be made available for your review" – it does not state that the documents are available at the time the email was sent. Decl. of Geoffrey Hutchinson, Exs. C & D. From the email communication string between the parties' attorneys, it is not entirely clear when prior to August 29, 2007 the documents would have been available for Wausau to inspect.

Fed. R. Civ. P. 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Here, the court finds that the request to produce the MOU that Wausau seeks to compel was timely. It was requested at the time of McGhee's August 10 deposition, which was before the fact discovery cut-off of August 13, 2007. Thus, the court finds that Wausau has shown good cause to extend the August 17, 2007 deadline for discovery motions in order to permit it to bring its motion to compel the MOU. The court also finds good cause to extend the time for Mr. Diliberto to submit his rebuttal expert report to incorporate the documents that were the subject of that motion to compel (1) that have been produced or that Cal. Water has agreed to produce and (2) that may be compelled by Judge Trumbull. Accordingly, the court grants Wausau's motion for relief.

DATED: 9/28/07

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Bryan M. Barber  bbarber@barberlg.com
Fulton M. Smith, III  fsmith@barberlg.com

**Counsel for Defendant:**

John H. Podesta  jpodesta@bbgslaw.com
A. Geoffrey Hutchinson  ghutchinson@bbgslaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 9/28/07   /s/ MAG
 **Chambers of Judge Whyte**